# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. 1:11-cv-00499-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER REGARDING PROOF OF DAMAGES** |
| COREY BURLESON, | |
| Defendant. | |

## I.  INTRODUCTION

On August 5, 2011, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed the present motion for default judgment against Defendant Corey Burleson, aka Rodney Burleson, aka Corey Rodney Burleson, dba Freeway Lanes Bowling Alley, aka Nacho Mama's ("Defendant" or "Corey Burleson"). (Doc. 13.)  For the reasons set forth below, the Court orders Plaintiff to submit additional proof of damages pursuant to Federal Rule of Civil Procedure 55(b)(2)(B) to support its claim for conversion.

## II.  FACTUAL BACKGROUND

Plaintiff filed the instant action on March 24, 2011. (Doc. 1.) The complaint alleges violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq*. The suit is based on

Defendant's alleged unlawful interception, receipt, and exhibition of "*Ultimate Fighting Championship 111: Georges St. Pierr v. Dan Hardy*" (the "Program"), including all under-card bouts and fight commentary, that was telecast nationwide on March 27, 2010. (Doc. 1, ¶¶ 9, 12.) According to the complaint, Plaintiff was the exclusive commercial distributor of the Program. (Doc. 1, ¶ 9.)

Count I of the complaint asserts a violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleging that Defendant knowingly intercepted, received, and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. (Doc. 1, ¶¶ 8-17.) Plaintiff seeks $100,000 in statutory damages as well as attorney's fees and costs. (Doc. 1, ¶ 17.) Count II alleges a violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) based upon the same allegations. (Doc. 1, ¶¶ 18-22.) Plaintiff requests $60,000 in statutory damages, as well as attorney's fees and costs. (Doc. 1, ¶ 22.) Count III states a claim for conversion alleging that Defendant tortiously obtained possession of the Program and wrongfully converted it for his own benefit. (Doc. 1, ¶¶ 23-26.) As to Count III, Plaintiff seeks compensatory damages, exemplary damages and punitive damages. (Doc. 1, ¶ 26.) Count IV of the complaint alleges a violation of California Business & Professions Code § 17200, *et. seq*. (Doc. 1, ¶¶ 27-36.) As to Count IV, Plaintiff seeks restitution, declaratory relief, injunctive relief, attorney's fees, and costs of suit. (Doc. 1, ¶¶ 35-36.)

On July 7, 2011, the summons as to Defendant Corey Burleson was returned showing that service of the summons and complaint was effected by substitute service on June 12, 2011. (Doc. 9.) Defendant failed to respond to the complaint by the July 5, 2011, deadline. On July 15, 2011, pursuant to Plaintiff's request, the Clerk entered default against Defendant. (Doc. 11.) On August 5, 2011, Plaintiff filed this motion for default judgment against Defendant. (Doc. 13.)

### III.   DISCUSSION

For purposes of default judgment, the complaint's factual allegations regarding liability are taken as true, but allegations as to damages must be proven. *Dundee Cement Co. v. Howard Pipe & Concrete Prods*., 722 F.2d 1319, 1323 (7th Cir. 1983); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); Fed. R. Civ. P. 55(b)(2) (Court may conduct hearings or make

referrals when, to enter default, it needs to determine the amount of damages). Here, Plaintiff requests that the Court enter default judgment in the amount of $900 as damages for conversion. (Doc. 13-1, 22:16-23.) Plaintiff, however, has offered no proof substantiating that it was damaged in the amount of $900. Therefore, the Court orders Plaintiff to file proof of damages supporting the monetary amount it seeks for conversion.

## IV.   CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall file proof of conversion damages on or before **September 14, 2011**; and
2. The hearing on Plaintiff's motion currently set for September 14, 2011, is VACATED and will be reset if the Court determines a hearing is necessary.

IT IS SO ORDERED.

**Dated:   September 8, 2011**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE